Filed 2/11/16  Melanie R. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MELANIE R.,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Real Party in Interest. | F072681<br><br>(Super. Ct. No. 14CEJ300252)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

ORIGINAL PROCEEDING; petition for extraordinary writ review.  Brian M. Arax, Judge.

Melanie R., in pro. per., for Petitioner.

No appearance for Respondent.

Daniel C. Cederborg, County Counsel, and Brent C. Woodward, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Gomes, J. and Franson, J.

Melanie R. (mother) in propria persona seeks extraordinary writ relief from the juvenile court's orders issued at a contested 12-month review hearing (Welf. & Inst., § 366.21, subd. (f))[1] terminating her reunification services and setting a section 366.26 hearing as to her 21-month-old daughter Aaliyah. She contends the juvenile court did not recognize the efforts she made to complete her reunification services. She does not, however, articulate a claim of juvenile court error. Consequently, we dismiss the writ petition as facially inadequate. (Cal. Rules of Court, rules 8.450 & 8.452.)

**PROCEDURAL AND FACTUAL SUMMARY**

Dependency proceedings were initiated in August 2014, when the Fresno County Department of Social Services (department) removed then four-month-old Aaliyah from the custody of her parents, mother and Joe, because of their ongoing domestic violence. Several weeks before, Joe was arrested after he hit mother in the face with a cell phone in his hand and on the legs with a broom. Mother was advised to get a restraining order and file for custody. Instead, she allowed Joe to return home after he was released from jail. Mother explained to the social worker that Joe had changed and promised never to hit her again. Mother's refusal to protect Aaliyah prompted the social worker to take Aaliyah into protective custody and file a dependency petition on her behalf. The department placed Aaliyah in foster care.

The juvenile court exercised its dependency jurisdiction over Aaliyah and ordered mother and Joe to participate in parenting classes and in mental health and domestic violence counseling. The court also ordered supervised visitation.

In March 2015, at the six-month review hearing, the juvenile court found that mother had made significant progress in completing her services plan objectives and that Joe had made moderate to significant progress. According to the department's report for

---

[1] All statutory references are to the Welfare and Institutions Code.

the hearing, mother was participating in a parenting program and individual mental health counseling. In addition, she had completed 16 of the 26 required sessions to complete a domestic violence program. Joe had completed a parenting program, was participating in weekly mental health counseling, and in a 52-week batterer's treatment program. Given their progress, the juvenile court continued their reunification services to the 12-month review hearing, which it set for August 2015. The court also granted liberal visitation for mother and unsupervised visits for Joe.

Over the next several months, mother and Joe continued to have contact. In March 2015, Joe was arrested for domestic violence and mother allowed him unauthorized contact with Aaliyah. In May, mother met Joe at a Wal-Mart to buy him some groceries. They got into an argument and he punched her in the face, causing her lip to bleed. In early June 2015, at approximately 2 a.m., mother contacted the police to report that Joe was walking to her apartment and threatened to kill her by beating her up when he got there. He was arrested less than a mile away.

In October 2015, the juvenile court conducted a contested 12-month review hearing on the department's recommendation to terminate mother's and Joe's reunification services. Mother had completed her domestic violence program but, according to the social worker, could not articulate what she had learned in her classes. In addition, she had not shown that she could protect herself or Aaliyah. At the conclusion of the hearing, the juvenile court terminated mother's and Joe's reunification services and set a section 366.26 hearing.

This petition ensued.

### DISCUSSION

Mother contends the juvenile court did not recognize the efforts she made toward completing her reunification services. She recognizes her mistake in communicating with Joe and asks for a chance to be a mother to Aaliyah. To that end, mother asks this court to issue a writ directing the juvenile court to vacate the section 366.26 hearing and

3

return Aaliyah to her custody, or alternatively, to continue reunification services. We conclude that her petition is inadequate for our review as we now explain.

California Rules of Court, rules 8.450-8.452 set forth guidelines pertaining to extraordinary writ petitions. The purpose of these writ petitions is to allow the appellate court to achieve a substantive and meritorious review of the juvenile court's orders and findings issued at the setting hearing in advance of the section 366.26 hearing. (§ 366.26, subd. (*l*)(4).)

California Rules of Court, rule 8.452 sets forth the content requirements for an extraordinary writ petition. It requires the petitioner to set forth legal arguments with citation to the appellate record. (Cal. Rules of Court, rule 8.452(b).) In keeping with the dictate of California Rules of Court, rule 8.452(a)(1), we liberally construe writ petitions in favor of their adequacy recognizing that a parent representing him or herself is not trained in the law. Nevertheless, the petitioner must at least articulate a claim of error and support it by citations to the record. Failure to do so renders the petition inadequate in its content and we will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

Here, mother merely asserts that the juvenile court did not give sufficient weight to the effort she made in completing her classes. However, she does not point to a specific ruling or finding of the court that she claims is error. Consequently, her petition is inadequate in its content.

That said, the two rulings that gave rise to the juvenile court's order setting a section 366.26 hearing were its findings that Aaliyah could not be returned to mother's custody and that there was not a substantial probability she could be returned to mother by the 18-month review hearing, which would have been conducted in February 2016. According to the record, both of these findings were based on mother's failure to protect herself and Aaliyah from Joe. First, the juvenile court found it would be detrimental to return Aaliyah to mother's custody at the time of the contested 12-month review hearing

4

because she maintained a relationship with Joe.  Further, the court found there was not a substantial probability Aaliyah could be returned to mother within another three months because mother had not made significant progress in resolving the problem that led to Aaliyah's removal (domestic violence) and demonstrated the capacity and ability to safely parent her.  (§ 366.21, subd. (g)(1).)

Contrary to mother's assertion, the juvenile court *did* recognize that she completed her programs.  The problem was that she continued to engage with Joe in domestic violence despite having completed a domestic violence program.  That signaled to the court that she had not truly learned to avoid and disengage herself from violent situations and was not likely to do so in the short time left.

We conclude the writ petition is inadequate for our review and dismiss it.

## DISPOSITION

The petition for extraordinary writ is dismissed.  This opinion is final forthwith as to this court.

5